IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| MELVIN LEE LEWIS,<br>Prison ID # 107265,<br>　　　　　　Plaintiff,<br><br>v.<br><br>TAYLOR COUNTY SHERIFF'S<br>DEPARTMENT, et al.,<br>　　　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil No. 1:18-CV-0209-BL |

## REPORT AND RECOMMENDATION

Plaintiff has not consented to proceed before the undersigned for all purposes in accordance with 28 U.S.C. § 636(c). Accordingly, this action has been referred pursuant to 28 U.S.C. § 636(b). *See* Order (doc. 9). Because Plaintiff has not consented to have all further proceedings in this case conducted by a magistrate judge, the undersigned issues this report and recommendation and directs that this case be reassigned to Senior District Judge Sam R. Cummings.

### I. BACKGROUND

Plaintiff commenced this pro se suit against several defendants in December 2018 by filing a standard form used by prisoners for civil rights cases. *See* Compl. (doc. 1). That form informed Plaintiff of his responsibility to inform the Court of any change of address. *Id.* at 11. The form further warned Plaintiff that a failure to file a notice of address change "may result in the dismissal of [his] case." *Id.* When the Court granted Plaintiff permission to proceed with this action *in forma pauperis*, it also stated: "Plaintiff shall promptly notify the Court of any change of address by filing a written notice of change of address with the Clerk. Failure to file such notice may result in this case being dismissed for want of prosecution." PLRA Filing Fee Order (doc. 8) ¶ 8.

On April 16, 2019, the Court sent Plaintiff a Magistrate Judge's Questionnaire ("MJQ")

wherein it directed Plaintiff to answer questions and return his answers "on or before May 16, 2019." It warned Plaintiff, furthermore, that "[f]ailure to timely file answers may result in the dismissal of the action for failure to prosecute." That document was returned as undeliverable on April 24, 2019. *See* Doc. 11. Based on the returned mail, it is apparent that Plaintiff has changed addresses without notifying the Court. Plaintiff has failed to comply with a court order and his failure to provide an address change exhibits a failure to prosecute this action.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Plaintiff has failed to comply with the court order to notify the Court of any change of address. That failure indicates that he has no current intention to proceed with this case and provides a sufficient reason to dismiss this action pursuant to Rule 41(b). Accordingly, the Court should dismiss this action without prejudice for Plaintiff's failure to prosecute this action or follow the order of the Court.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the Court dismiss this action without prejudice for failure to prosecute or to comply with an order of the Court pursuant to Fed. R. Civ. P. 41(b). Because Plaintiff has not consented to proceed before a United States Magistrate Judge, the undersigned directs the Clerk of Court to **REASSIGN** this case to Senior District Judge Sam R. Cummings.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SO ORDERED this 25th day of April, 2019.

_____
E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**

3